# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00689-CR

**Roderick Strong, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
## NO. 9014223, HONORABLE BOB PERKINS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Roderick Strong guilty of aggravated kidnapping and aggravated assault. Tex. Pen. Code Ann. § 20.04 (West 2003), § 22.02 (West Supp. 2004). The jury assessed punishment for each offense, enhanced by a previous felony conviction, at imprisonment for sixty years. Appellant contends the evidence is factually insufficient to sustain his convictions. He also urges that the district court erred by admitting extraneous offense evidence and an out-of-court statement by a third party. We will affirm.

On the afternoon of August 28, 2000, Kerry Fontenette was visited in his residence by two acquaintances, Terrell Walton and Josh Gilbert. After some casual conversation, Gilbert struck Fontenette on the back of his head with a hatchet. As Gilbert continued to strike (with his fists) and kick Fontenette, Walton demanded to know "where the drugs and the money were." Fontenette knew that Walton was referring to crack cocaine and money that had been stolen from

Walton by David Perkins. Fontenette told Walton that Perkins was the thief and that he, Fontenette, had neither the drugs nor the money. After briefly searching the house, Walton and Gilbert bound Fontenette with a blanket and duct tape, placed him in the trunk of Gilbert's car, and drove him to Walton's house.

Appellant joined Walton and Gilbert at Walton's house. They tied Fontenette to a chair with duct tape and twine. Appellant cut Fontenette's arm and chest with a knife and rubbed salt in the wounds. Appellant also burned Fontenette's face, chest, and leg with aerosol cologne which he ignited with a lighter. While appellant was doing this, Walton continued to question Fontenette about his missing property. When appellant threatened to cut off one of Fontenette's fingers, he was restrained by Walton. Eventually, the three captors handcuffed Fontenette to the base of a toilet and left him. Fontenette managed to break the toilet and free himself at about 5:00 a.m. on August 30. He left the house and ran to a nearby convenience store, where he called the police. Officers who searched Walton's house on September 1 found rags, duct tape, twine, and dried blood. The toilet was broken, just as Fontenette had described.

David Perkins called the police from a pay phone on September 2. The officer who responded testified that Perkins was "very highly-strung, very nervous, and obviously scared." He was making arrangements to leave Austin. Perkins told the officer that he had been kidnapped by Walton, Gilbert, and appellant. According to the officer, Perkins said that "the three individuals mentioned the damage that they had done to Kerry [Fontenette]. They actually referred to their error in not taking photographs of what happened to Kerry to show David."

Walton and Gilbert were called as witnesses by the State. Both admitted assaulting and kidnapping Fontenette. Walton testified that appellant was present at his house while Fontenette

2

was held there, but he said that appellant did not participate in the assaults. Gilbert testified that appellant was never present at Walton's house.

### Factual Sufficiency

A factual sufficiency review asks whether a neutral review of all the evidence, both for and against the finding of guilt, demonstrates that the proof of guilt is so obviously weak or so greatly outweighed by contrary proof as to undermine confidence in the jury's determination. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). Appellant asserts that Fontenette's testimony was not credible and was outweighed by other evidence. We must accord due deference to the fact finder's determinations, however, particularly those concerning the weight and credibility of the evidence. *Id*. at 9. We may disagree with the fact finder only when the record clearly indicates a manifest injustice. *Id*. at 9. This is not such a case. The proof of appellant's guilt is neither so weak nor so greatly outweighed by contrary proof as to warrant the conclusion that the conviction was manifestly wrong. Point of error three is overruled.

### Gilbert's Statement

In his second point of error, appellant contends the trial court erred by admitting for impeachment a taped oral statement made by Gilbert to a police officer following his arrest. We agree that there was error, but find that it was not preserved for review.

After Gilbert testified that appellant was never present at Walton's house and did not participate in Fontenette's kidnapping and assault, he was asked by the prosecutor if he remembered telling Austin Police Officer Russell Overheu that "someone by the name of Mr. J. [appellant's street name] helped remove Kerry Fontenette from the trunk of that car at Terrell Walton's house."

3

Gilbert acknowledged making the statement, but he claimed that he had been threatened by the officer and told what to say. The State then offered into evidence Gilbert's audiotaped oral statement to Overheu. At a hearing outside the jury's presence, the State urged the admission of the statement on two grounds. First, the State argued that Gilbert's out-of-court statement was admissible to prove the truth of the matter stated under the hearsay exception for statements against penal interest. Tex. R. Evid. 803(24). Second, the State urged that the statement was admissible to impeach Gilbert's testimony that appellant was not a party to the offenses and that he was coached and coerced by Overheu. Tex. R. Evid. 607, 613(a).

The district court correctly sustained appellant's objection to the admission of Gilbert's statement under rule 803(24). As a custodial statement given in response to questioning by a police officer, Gilbert's statement was presumptively unreliable insofar as it incriminated persons other than himself. *Mendez v. State*, 56 S.W.3d 880, 891 (Tex. App.—Austin 2001, pet. ref'd). On this record, the State did not carry its burden of showing that Gilbert's statement was sufficiently trustworthy to be admitted as substantive evidence against appellant. *Id*. at 891-92.

The court admitted Gilbert's statement to Overheu for impeachment purposes. This was error. During his testimony, Gilbert acknowledged telling Overheu that appellant was present at Walton's house and helped remove Fontenette from the trunk of Gilbert's car. When a witness unequivocally admits having made a prior inconsistent statement, extrinsic evidence of the statement is not admissible. Tex. R. Evid. 613(a). By admitting he made the inconsistent statement, Gilbert impeached himself and there was no need to introduce the statement for that purpose. *McGary v. State*, 750 S.W.2d 782, 786-87 (Tex. Crim. App. 1988). Nor was it necessary to impeach Gilbert's claim that he had been coerced by the officer into making the prior statement. The inconsistent

4

statements were inherently impeaching, regardless of which (if either) was true. The absence of coercion was relevant only if the out-of-court statement was offered as substantive evidence of appellant's guilt.[1]

Although Gilbert's audiotaped out-of-court statement was, under the circumstances, inadmissible for impeachment, appellant did not object on this ground. To the contrary, defense counsel told the court that he "absolutely agree[d] that portions of that tape can be played to show the impeachment." Moreover, appellant did not object when Officer Overheu testified that Gilbert told him that appellant helped lift Fontenette from the trunk of Gilbert's car and also helped tie Fontenette to a chair in Walton's house. Counsel objected only to the admission of the statement pursuant to rule 803(24). That objection was sustained. Because the error appellant seeks to raise was not preserved for appellate review, point of error two is overruled.

### Perkins Kidnapping

Finally, appellant contends the court erred by admitting evidence regarding the kidnapping of David Perkins. As previously noted, Perkins told the police that he had been kidnapped by Walton, Gilbert, and appellant about two days after Fontenette was assaulted and kidnapped. The court ruled that the challenged evidence was relevant to prove appellant's identity

---

[1] The State should not be permitted to impeach its own witness if the circumstances show that the primary purpose of the proposed impeachment is to place otherwise inadmissible hearsay before the jury. *Hughes v. State*, 4 S.W.3d 1, 4-5 (Tex. Crim. App. 1999); *Ramirez v. State*, 987 S.W.2d 938, 944 (Tex. App.—Austin 1999, no pet.); Tex. R. Evid. 403. Although the court admitted Gilbert's out-of-court statement solely for impeachment and so instructed the jury, during argument both prosecutors urged the jury to consider the statement as evidence of appellant's guilt. The court sustained appellant's objections to these remarks. No instruction to disregard was requested or given.

as one of Fontenette's assailants, and the court so instructed the jury. Appellant urges that the Perkins kidnapping was irrelevant other than to show appellant's bad character. Tex. R. Evid. 404(b). He also argues that any probative value the testimony may have had was outweighed by the danger of unfair prejudice. Tex. R. Evid. 403.

The application of rules 403 and 404(b) is committed to the discretion of the trial court. *Montgomery v. State*, 810 S.W.2d 372, 390-91 (Tex. Crim. App. 1991) (op. on reh'g). The primary contested issue at appellant's trial was whether he was present at Walton's house and participated in the assaults that took place there. Given the conflicting testimony regarding appellant's participation in the charged offenses and the evidence that the two kidnappings had a common motive, it was not an abuse of discretion for the court to determine that evidence of appellant's participation in the Perkins kidnapping was relevant to prove appellant's participation in the Fontenette kidnapping. *See id*. at 391 (appellate review of rule 404(b) ruling). Nor was the probative value of this evidence so weak, or the danger of unfair prejudice so great, as to support the conclusion that the court abused its discretion by overruling appellant's rule 403 objection. *See id*. at 392-93 (appellate review of rule 403 ruling).

Perkins did not testify. Instead, his statements were introduced as excited utterances through the testimony of Austin Police Officer Jeremy Salsberry. Tex. R. Evid. 803(2). Appellant does not question the application of rule 803(2) under the circumstances shown, but he argues that the kidnappers' statement to Perkins that they wished they had taken pictures of the injuries inflicted on Fontenette was inadmissible double hearsay. Hearsay within hearsay is admissible if each part of the combined statements conforms with an exception to the hearsay rule. Tex. R. Evid. 805.

Because appellant does not dispute the application of rule 803(2), the question presented is whether the kidnappers' statement to Perkins was hearsay or falls within a hearsay exception.

There was evidence before the court that Walton, Gilbert, and appellant assaulted and kidnapped Fontenette, and then kidnapped Perkins, for the purpose of recovering the drugs and money that had been stolen from Walton. This evidence supports a finding that appellant conspired with Walton and Gilbert to commit assault and kidnapping. *See* Tex. Pen. Code Ann. § 15.02(a) (West 2003). The district court did not abuse its discretion by determining that the challenged statement, if made by Walton or Gilbert, was made by appellant's co-conspirator during and in furtherance of the conspiracy and was therefore not hearsay. Tex. R. Evid. 801(e)(2)(E). If appellant was the speaker, the statement was not hearsay because it was his own statement offered against him. Tex. R. Evid. 801(e)(2)(A). Point of error one is overruled.

The judgments of conviction are affirmed.

_____

Mack Kidd, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: January 8, 2004

Do Not Publish